There is no error in that part of the judgment from which the plaintiff appealed. "After the institution of the action the plaintiff, on or about 16 February, 1891, applied to Judge(645) Armfield, then holding courts of the 7th District, at Chambers, in Rockingham, N.C. on affidavits filed, for an injunction and appointment of a receiver therein; and upon the hearing his Honor made the following order:
"It is adjudged that the prayer for an injunction be refused, the *Page 363 
restraining order heretofore granted be dissolved, and the petition for the appointment of a receiver be denied, upon the defendant S.D. Jones, trustee, filing an undertaking in the sum of $5,500, conditioned as required by law, to be approved by the court."
In pursuance of said order the defendant S.D. Jones, trustee, then and there executed, delivered and filed an undertaking with sureties in which the obligors undertook "pursuant to the statute (chapter 94, Laws 1885), that the said S.D. Jones shall pay to the plaintiffs in this action all such amounts as may be recovered and adjudged against him upon the final determination of this action, not to exceed $5,000."
Among other things in the complaint the plaintiff alleged "that the plaintiff applied for an injunction and receiver in this cause, upon the trustee S.D. Jones executing an undertaking in the sum of $5,000, conditioned to pay any judgment that the plaintiff may recover in this action, which said undertaking was duly executed by S.D. Jones, trustee, with D. N. McIver, John W. Scott and J. R. Jones as sureties thereto; and that said S.D. Jones accepted the aforesaid trust and has collected a large sum of money and other property from the assets of his assignors, amounting in all to the value of over $5,000."
The defendant trustee and the sureties to said undertaking, who were preferred creditors in said deed of assignment and defendants in this action, admitted in their answers filed the said allegations.
One of the plaintiff's prayers in its complaint was for judgment against L. T. Brown and S.D. Jones, trustee, and the (646) sureties on the aforesaid bond for the sum mentioned therein.
At December Term, 1894, this cause came on to be tried before Armfield,J., and a jury, upon the following issues submitted to the jury:
1. "Was the deed of assignment from L. T. Brown to Jones, assignee, executed by Brown with intent to hinder, defeat, delay or defraud the creditors of L. T. Brown?"
The jury responded to said issue, "Yes."
2. "Are the defendants indebted to the plaintiff? If so, in what amount?"
To which the jury responded, "Yes, as alleged in admissions filed."
Which admitted indebtedness of L. T. Brown to the creditors amounted to the sum of $5,331.40, and interest.
Upon the verdict of the jury (as set out in defendants' appeal), the allegations in the complaint and the admissions thereof by the defendants in their answers, the plaintiff asked for judgment against said Jones and sureties upon said undertaking in the sum of $5,000. The court refused to give judgment as requested, to which the plaintiff excepted.
The allegation that the defendant assignee Jones had received of the *Page 364 
assets of the assignor Brown more in value than the amount of the assignee's bond, to wit, $5,000, is denied by the defendants in their answer: and an account would be necessary to discover the true amount for which the assignee would be liable. But as a new trial has been granted to the defendants, the reference cannot be proceeded with, and the
Plaintiff's Appeal is Dismissed.
Cited: Bank v. Bridgers, 128 N.C. 325; Avery v. Stewart, 134 N.C. 295;Green v. Grocery Store, 159 N.C. 121; Buchanan v. Hedden, 169 N.C. 224;S. v. Davis, 177 N.C. 577.
(647)